**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**KNIGHT'S INC., d/b/a Knight's Grocery Store, Defendant.**

**No. LR–C–85–232.**

United States District Court,
E.D. Arkansas, W.D.

Aug. 15, 1986.

---

Lawrence J. Kamenetzky, Supervisory Trial Atty., Carson L. Owen, Trial Atty., E.E.O.C., Memphis, Tenn., for E.E.O.C.

Woodson D. Walker, Woodson Walker Associates, P.A., Little Rock, Ark., for Knight's, Inc.

## MEMORANDUM AND ORDER

JOHN F. FORSTER, Jr., United States Magistrate.

It has fallen to the Magistrate to untie the Gordian Knot of discovery problems fashioned by the increasingly contentious parties in this case.

## I. HISTORY OF THE CASE.

This litigation was instituted by the Equal Employment Opportunity Commission on March 29, 1985, following the requisite investigation and a failed conciliatory effort. The Defendant filed an answer on April 17, 1985. On December 2, 1985, the District Court's standard scheduling order was entered setting the matter for trial on April 7, 1986 and imposing a discovery cut-off date of March 7, 1986; March 7th was also set as the date for filing the Pre-Trial Information Sheet pursuant to Local Rule 21. On January 23, 1986, the Plaintiff filed a Motion to Compel Answers to Interrogatories and Production of Documents, said discovery documents having been served upon the Defendant's attorneys on October 28, 1985. In its motion, the Plaintiff alleged that service as stated notwithstanding, the Defendant had failed to answer all discovery requests except for Item 3 of Plaintiff's First Interrogatories and First Request for Production of Documents.[1]

Defendant filed no response to the Motion to Compel, and on February 13, 1986 the District Court[2] granted the Plaintiff's Motion and imposed a deadline of February 26, 1986 by which the Defendant was to comply. Plaintiff's costs were also awarded. The District Court then postponed the trial until August 18, 1986 (on joint motion of the parties) by Order of March 27, 1986, and extended the discovery cut-off for forty-five (45) days for the completion of ongoing discovery only. (The original discovery cut-off date imposed was, as earlier noted, March 7, 1986.) At the Plaintiff's request, the Order just mentioned was amended by the Court's Order of April 8, 1986 to extend full discovery until June 18, 1986.

The saga continues.

On May 6, 1986, the Plaintiff moved for sanctions under Rule 37(b)(2) of the Federal Rules of Civil Procedure for the Defendant's continued failure to respond fully to discovery. The Defendant did not respond. On June 2, 1986, the District Court entered

---

1. Item 3 requested, "... the employment applications of all applicants who applied at Knight's Grocery Store in Jacksonville, Arkansas during the period from January 1, 1980 to the present and were not hired".

2. The Honorable Elsijane Trimble Roy, United States District Judge for the Eastern District of Arkansas.

an Order granting the Plaintiff's motion and awarded costs and fees to the Plaintiff upon submission of an affidavit. Further, the Defendant was given until June 10, 1986 to fully comply with discovery, under threat of even more severe sanctions.

On June 3, 1986, the District Court referred the matter to the Magistrate undersigned pursuant to 28 U.S.C. § 636, Rule 53 of the Federal Rules of Civil Procedure, and Local Rule 23 of the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas.

On June 9, 1986, the Defendant finally emerged upon the record and asked, in a Motion to Reconsider and Vacate Rule 37(D) Sanctions Against Counsel for the Defense, for relief from the District Court's Order (by affidavit citing personal and professional organizational problems) and for a protective order against answering interrogatories upon which it had long ago defaulted. The reasons given for the need of a protective order were (1) overly burdensome, and (2) undue pedantry on the part of the Plaintiff's attorneys.

What followed was a flurry of motions, notices and other filings as the discovery deadline of June 18, 1986 drew near. The District Clerk's file reflects the following:

(1) June 10, 1986—Plaintiff gives notice to take the deposition of Keith Knight on June 20, 1986 at Little Rock.

(2) June 12, 1986—Defendant gives notice (in the Eastern District of Arkansas) to take the deposition of Karen Denise Brooks (an applicant for employment with the Defendant who had since moved to Georgia) on June 19, 1986 at Little Rock.

(3) June 12, 1986—Defendant filed a notice to depose Malcolm Drinkwater, an EEOC Specialist in New Orleans, at Little Rock on June 19, 1986.

(4) June 12, 1986—Defendant filed a notice of deposition to depose Patricia Fields, an EEOC Supervisor in New Orleans, at Little Rock on June 19, 1986.

(5) June 13, 1986—Plaintiff moved for payment of costs and fees in the amount of $2,865.95 and submitted the affidavits of Carson Owen (an EEOC trial attorney) and of Wanda Donati (a civil rights lawyer in private practice at Memphis, Tennessee) in support of the application.

(6) June 13, 1986—Plaintiff filed a motion for additional sanctions against the Defendant for continued failure to make discovery, and for unilateral extension of the discovery cut-off date of June 18, 1986.

(7) June 17, 1986—Defendant filed a motion for extension of the discovery cut-off.

(8) June 17, 1986—Defendant filed a Request for Admission against the Plaintiff.

(9) June 17, 1986—Defendant filed a Motion for Protective Order to stay the deposition of Keith Knight.

(10) June 18, 1986—Plaintiff responded to Defendant's motion of June 9, 1986 and more narrowly delineated the information it sought by discovery.

(11) June 18, 1986—Plaintiff filed a Motion for Protective Order to prevent the deposition of Patricia Fields due to insufficient notice (3 days).

(12) June 25, 1986—Plaintiff's response to Defendant's request for discovery extension of June 17, 1986.

(13) June 25, 1986—Plaintiff filed a motion for a status conference reciting, *inter alia*, the reception of a spate of interrogatories and production requests filed on and after June 18, 1986.

The passage of the discovery cut-off date, June 18, 1986, failed to staunch the flow of discovery. The filings continued as follows:

(14) July 3, 1986—Defendant filed a brief in support of its June 17, 1986 motion to extend discovery.

(15) July 3, 1986—Defendant again filed a notice to depose Patricia Fields at

Little Rock, this time to begin July 11, 1986.

(16) July 3, 1986—Defendant filed an amended motion for protective order with regard to the deposition of Keith Knight.

(17) July 3, 1986—Defendant moved to compel Defendant's employee, Malcolm Drinkwater, to answer specific questions which Mr. Drinkwater had allegedly refused to answer at his deposition. (No copy of the deposition, or of the pertinent pages, were tendered with the motion. The deposition was filed by Plaintiff with its response on July 11, 1986.)

(18) July 3, 1986—Defendant filed a Motion to Compel Production of EEOC Case File, which apparently was produced in edited form at Mr. Drinkwater's deposition.

(19) July 3, 1986—Defendant filed a Motion to Strike Pleadings and Affidavit filed by Plaintiff on June 13, 1986.

(20) July 3, 1986—Defendant filed a Motion to Set Rules for Certifying Class.

(21) July 3, 1986—Defendant's Second Request for Admissions were filed.

(22) July 3, 1986—Defendant filed a motion for costs and fees against Karen Brooks (for the failure of Karen Brooks to comply with Defendant's notice of June 12, 1986) and for exclusion of her as a class member.

(23) July 10, 1986—Plaintiff moved for a protective order quashing the notice of deposition of Patricia Fields, and Memorandum in support thereof.

(24) July 10, 1986—Defendant responded to Plaintiff's Motion for Protective Order on the intended deposition of Patricia Fields.

(25) July 11, 1986—Plaintiff filed its Supplemental Response to Motion for Additional Time to Complete Discovery.

(26) July 11, 1986—Plaintiff filed its "Memorandum Position" in response to Defendant's motion of July 3, 1986 seeking sanctions and dismissal of Karen Brooks.

(27) July 11, 1986—Plaintiff filed an amendment to its motion of July 10, 1986 regarding the proposed deposition of Patricia Fields.

A status conference of two hours' duration was held on July 11, 1986 before the Magistrate to whom the case was assigned. Post-conference filings have been:

(28) July 16, 1986—Plaintiff's Response to Defendant's Motion to Set Rules for Certifying Class.

(29) July 17, 1986—Defendant's motion for extension of time to file brief (the Magistrate requested at the conference of July 11, 1986 that position briefs be submitted on several questions on July 16, 1986).

(30) July 17, 1986—Defendant's Motion to Strike Portions of Complaint and to Require More Definite Statement by Plaintiff.

(31) July 17, 1986—Defendant filed an Amended Answer and Counterclaim.

(32) July 17, 1986—Defendant filed a Motion for Summary Judgment on Counterclaim.

(33) July 18, 1986—Defendant's Omnibus Brief filed.

(34) July 22, 1986—Plaintiff's Motion to Bifurcate the Issues of Liability and Individual Relief filed.

(35) July 25, 1986—Plaintiff's Response to Defendant's Motion to Strike Portions of Complaint and to Require More Definite Statement by Plaintiff filed.

(36) July 28, 1986—Plaintiff's Response to Defendant's Omnibus Brief Covering Specified Outstanding Motions filed.

As can readily be seen, many motions remain outstanding and several issues need to be resolved so that the case can proceed to plenary hearing.

## II. DISCUSSION.

### a. *The Amended Answer and Counterclaim of July 17, 1986.*

■ Defendant's original answer was filed April 17, 1985. One year and three months later, the Defendant filed its Amended Answer and Counterclaim. No leave of Court was sought or given for the filing of this pleading (as required by Rule 15(a) of the Federal Rules of Civil Procedure), and the pleading does not recite that it was filed with the consent of the Plaintiff. The Amended Answer is therefore out of time and will be stricken.

The Counterclaim seeks to make parties of the EEOC's Regional Director, Patricia Fields, the EEOC attorneys handling this case, viz., Lawrence J. Kamenetzky and Carson L. Owen, EEOC Regional Attorney Joseph Ray Terry, Associate General Counsel Philip Sklover and Acting General Counsel Johnny J. Butler. The EEOC is also named as a Counter-Defendant. The gravamen of the Complaint is that Messrs. Kamenetzky and Owen possess certain internal documents of the EEOC that are relevant to this case, and which Defendant has requested in discovery. The acts complained of occurred in the course of business of the agency and with Messrs. Kamenetzky and Owen acting in their official capacities. It is obvious that Defendant's purpose in attempting to sue the EEOC's counsel and employees is to secure by this device information that it has not sought administratively under the Freedom of Information Act, and which Defendant has sought but not yet been given in discovery. Such tactics are not customarily successful. Cf., for example, *United States v. Weber Aircraft Corp.*, 465 U.S. 792, 104 S.Ct. 1488, 79 L.Ed.2d 814 (1984).

The Magistrate will not attempt to speculate further, however, on the success *vel non* of Defendant's efforts without hearing from the other parties. It is therefore ordered that those parties properly served with the Defendant's Amended Answer and Counterclaim shall file responsive pleadings by or on August 30, 1986, except for the EEOC, the answer for which is governed by the Order Enlarging Time of July 30, 1986.

### B. *The Discovery Motions and Responses, Etc.*

Plaintiff's Motion to Compel Answers to Interrogatories and Production of Documents filed January 23, 1986 has been the subject of two District Court Orders already. As previously recited, the District Court granted the motion and ordered compliance on February 13, 1986 with costs assessed against the Defendant. Again, in the face of Defendant's continued silence and inaction, the District Court on June 2, 1986 ordered costs and attorneys' fees upon submission of affidavits. Affidavits have now been filed, and while they relate in respect to attorneys' fees to the rates charged in Memphis, Tennessee, some 130 miles away, the Magistrate finds that the rates are the same as those charged and awarded by the Bar and Federal Bench for the same type litigation in Little Rock, Arkansas. It is therefore ordered that the Defendant shall pay to the Plaintiff before September 1, 1986 the sum of $2,865.95 as costs and attorneys' fees.

While the Magistrate is aware that some exchange of discovery information has occurred between counsel, it is impossible to determine at this juncture what has and has not been revealed. Therefore, as to Plaintiff's First Interrogatories and Requests for Production of Documents, which the District Court ordered answered in the entirety by June 10, 1986, the Plaintiff shall file by September 1, 1986 adequate documents and affidavits for the Magistrate to determine exactly what has been received by Plaintiff as ordered by the District Court. If the Defendant has been deficient in any regard in complying with the aforementioned discovery and the District Court's previous orders, the Magistrate will recommend that the District Court enter a judgment of default against the Defendant in this action pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure. Defendant's Motion to Reconsider and Vacate Rule 37(D) (sic)

Sanctions Against Counsel for the Defense is denied. Likewise, the Defendant's Motion for a Protective Order (filed June 9, 1986) is denied.

Plaintiff's Motion for Payment of Costs and Fees Incurred to Date (filed June 13, 1986) is granted, as previously recited.

Plaintiff's Motion for Additional Sanctions and for Extension of the Discovery Cut-Off Date for Plaintiff (filed June 13, 1986) is denied as to additional sanctions except as hereinbefore ruled. The discovery extension sought by Plaintiff, as well as by Defendant in its Motion to Extend Period of Discovery for Defendant (filed June 17, 1986), is granted. Discovery is extended until September 30, 1986.

Defendant's Request for Admission (filed June 17, 1986) shall be answered by Plaintiff within twenty (20) days of the date of this Memorandum and Order.

Defendant's Motion for Protective Order (filed June 17, 1986) is granted to the extent that Plaintiff has already received the documents sought. In making this ruling the Magistrate, mindful of Rule 11, Federal Rules of Civil Procedure, relies entirely on paragraph 3 of said Motion, signed by Mr. Walker, one of the attorneys for the Defendant. Any items mentioned in Plaintiff's subpoena not heretofore· provided to Plaintiff shall be produced by Mr. Knight at his deposition.

Plaintiff's Motion for a Protective Order (field June 18, 1986) relating to the discovery deposition of Patricia Fields is granted. Defendant may, however, depose Ms. Fields provided that proper notice is given and requisite procedure is followed in securing her presence.

Defendant's Amended Motion for Protective Order with Regard to the Deposition of Keith Knight (filed July 3, 1986) has been tacitly dealt with earlier in this Memorandum and Order in the discussion of the deposition of Mr. Knight.

Defendant's Motion to Compel Discovery (filed July 3, 1986) lists several questions asked of Malcolm Drinkwater, an EOS with the EEOC, at his deposition on June 19, 1986 (one day after the District Court's discovery cut-off date). Plaintiff's response, filed July 11, 1986, contains the following statements:

> The portion of the charge file provided to defendant included *all the evidence obtained during the investigation* (emphasis added) of the charge. The few documents which were removed fall into two categories, documents reflecting the deliberative processes of EEOC and documents reflecting conciliation efforts.
>
> Plaintiff's Response to Defendant's Motion to Compel Discovery and Defendant's Motion to Compel Production of EEOC Case File, p. 2.

■ In removing the documents, EEOC counsel were following the directive of Section 83.6(3) of the EEOC Compliance Manual, which is in turn derivative of 29 C.F.R. § 1601.26. Further, the EEOC urges a privilege of "deliberative process", citing *Branch v. Phillips Petroleum Co.*, 638 F.2d 873 (5th Cir.1981), and a statutory prohibition against the revelation of information regarding conciliation efforts. See 42 U.S.C. § 2000e–5(b). The Magistrate is persuaded that the EEOC is correct in its position on both points. The Defendant's Motion to Compel Discovery filed July 3, 1986 is therefore denied. Again, the Magistrate is relying heavily on the written representations of counsel for the EEOC that *all* factual data and materials have been disclosed to Defendant's attorneys.

Defendant's Motion to Compel Production of EEOC Case File filed July 3, 1986 is denied inasmuch as counsel for the EEOC have declared in their response that all discoverable portions of the file have been revealed to Defendant's counsel.

Defendant's Motion to Set Rules for Certifying Class, filed July 3, 1986, is denied. See *General Telephone Co. v. EEOC*, 446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980).

Defendant's Second Request for Admissions filed July 3, 1986 shall be answered by Plaintiff within twenty (20) days of the date of this Memorandum and Order.

Defendant's Motion for Costs and Attorney's Fees Against Karen Denise Brooks and for Dismissal of Karen Brooks as a Class Member, filed July 3, 1986, is denied. Ms. Brooks is not a party to this action and was not properly served for a deposition. See *In re Corrugated Container Antitrust Litigation*, 620 F.2d 1086 (5th Cir. 1980).

The gist of Plaintiff's Motion for a Protective Order filed July 10, 1986 concerning the deposition of Patricia Fields has been disposed of by the Magistrate's holding (earlier in this Memorandum and Order) on Plaintiff's motion of June 18, 1986.

### C. *Remaining Issues.*

Defendant's Motion to Strike Portions of Complaint and to Require More Definite Statement by Plaintiff, filed July 17, 1986, is denied. It is simply too late. See Rule 12(e), Federal Rules of Civil Procedure.

The Defendant's Motion for Summary Judgment on Counterclaim, filed July 17, 1986, will be answered by the Counter-Defendants who have been properly served within twenty (20) days of the date of this Memorandum and Order.

Plaintiff's Motion to Bifurcate the Issues of Liability and Individual Relief, filed July 22, 1986, is in accordance with the custom in this district and elsewhere of trying Title VII cases in Stage I and Stage II proceedings. Accordingly, the motion is granted.

### III. CONCLUSION.

Any further discovery or other problems shall be promptly called to the Magistrate's attention and will be dealt with in like manner. This litigation shall be brought under control and trimmed for trial. A status conference is hereby set for 2:00 on the afternoon of Thursday, September 18, 1986 at Little Rock, Arkansas in the chambers of the undersigned.

IT IS SO ORDERED this 15th day of August, 1986.