**Joseph GURUWAYA, Plaintiff,**

v.

**MONTGOMERY WARD, INC., Defendant.**

**Civ. No. C–87–3635 JPV (FSL).**

United States District Court, N.D. California.

Jan. 22, 1988.

Mark W. Rathe, Law Offices of William J. Hooy, Concord, Cal., for plaintiff.

William A. Quinby, John L. Beers and Marilyn Moberg, Crosby, Heafey, Roach & May, Oakland, Cal., for defendant.

## ORDER RE DISCOVERY AND SANCTIONS

F. STEELE LANGFORD, United States Magistrate.

Joseph Guruwaya (Plaintiff) moves to compel further answers to Interrogatories Four, Five, Six, Eight and Sixteen of Plaintiff's First Set of Interrogatories and production of documents in Plaintiff's Second Request, from Montgomery Ward, Inc. (Defendant). Plaintiff also requests an award of sanctions pursuant to Rules 26(a) and 37(a)(4) of the Federal Rules of Civil Procedure.

It is the order of this court that the plaintiff's motion be granted, to the extent of employment statistics and the reorganization plan for the three territories comprising the former Western Region of defendant, as requested in plaintiff's Interrogatories Four, Five and Sixteen. Plaintiff's motion is denied, with respect to further response to Interrogatory Six and also denied as to Interrogatory Eight. Plaintiff's request for production of documents is denied. Defendant may elect to produce business records in lieu of answers to interrogatories, pursuant to Rule 33(c), Federal Rules of Civil Procedure. Plaintiff's motion for sanctions is denied.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff was born in 1934, and is of Asian race and Indian descent. In 1982, he was a District Merchandiser for defendant in Oakland, California. At that time, as part of a nationwide reorganization, seventeen district merchandiser positions in Sacramento and the Bay Area were combined into eleven new positions, with different responsibilities. Plaintiff was not offered one of the new positions. What happened next is disputed. Plaintiff claims he was offered a job for which he was not qualified, at a lower salary, and told that if he didn't perform successfully, he would be fired. Defendant claims plaintiff was offered a position with the same salary and opportunity for advancement, but refused

it and voluntarily quit. Plaintiff then requested severance pay, which defendant denied. Defendant claims its policy provides no severance pay for an employee who has been offered a comparable position when his job is eliminated.

Plaintiff filed suit, alleging discrimination on the basis of age, race and descent. The new district merchandiser in charge of the departments plaintiff had been running was a younger white male. The eight district merchandisers whose jobs were eliminated included plaintiff and the only other minority merchandiser. The number of minority merchandisers in the Oakland–Sacramento area was reduced from two out of eighteen to zero out of eleven.

As part of his First and Second Sets of Interrogatories, plaintiff requested statistics on management employees in the Western Region of defendant in 1982. In addition, he requested names, addresses and telephone numbers of defendant's employees who had filed complaints of discrimination with the Equal Employment Opportunity Commission and other agencies in 1982 and 1983. He also requested information about the nationwide reorganization plan of defendant, as well as documents related to defendant's answers to interrogatories.

Defendant agreed to provide statistics on management employees in the Oakland–Sacramento area, but refused to provide the same statistics for the Western Region, claiming it had been abandoned as a statistical entity in 1982, and that the statistics were no longer accessible. Further, defendant claimed that statistics for the whole region were irrelevant to plaintiff's claim, since the decision to replace him was made at the local level. The Western Region, as it existed prior to 1982, comprised parts or all of eleven states, from Alaska to New Mexico. Defendant likewise refused to provide information about employees who filed discrimination complaints with public agencies on the grounds of their privacy rights and the privilege of the complaint process. Defendant provided information on the reorganization plan at the local level, objecting on grounds of vagueness and irrelevance to providing information on defendant's nationwide reorganization.

Counsel were unable to resolve their dispute. Plaintiff filed a certificate of compliance with Local Rule 230–4.

This motion was submitted before the undersigned Magistrate, without oral argument, under Local Rule 220–1, on December 10, 1987.

The legal issues are as follows:

## DISCOVERY OF EMPLOYMENT STATISTICS

The issue disputed by the parties here is whether the discovery of employment statistics should be limited to the Western Region of defendant or to the Sacramento–Oakland area, where plaintiff worked.

A recent Ninth Circuit case offers specific guidance on this issue. In that case a Mexican–American employee sued his employer, alleging racial discrimination, when he was not offered promotion to a position which he had held on a temporary basis. The employer objected to providing employment statistics for the Western United States, or any area outside the city where the employee worked, claiming the regional statistics were irrelevant, since promotion decisions were made locally. The District Court granted summary judgment after denying discovery of the regional statistics. The appellate court held that the regional statistics should have been discovered as part of plaintiff's *prima facie* case. The court held that the regional statistics were relevant to show the employer's intent, if they showed a pattern of racial disparity in hiring and promotion. Such a pattern would tend to support plaintiff's contention that the articulated reason for the failure to promote him was pretextual. The court further held that it was irrelevant whether the decision not to promote plaintiff was made at the local or regional level. The regional pattern of employment practices could reasonably show whether the employer's explicit or implicit policies encourage or permit discriminatory employment decisions by its supervisory personnel. The evidence of a pattern of racial disparity

would be of probative value with regard to the employer's motive in making the decision not to promote plaintiff. *Diaz v. American Tel. & Tel.*, 752 F.2d 1356, 1363–64 (9th Cir.1985).

■ The evidence thus far presented seems to indicate that the decision to replace Mr. Guruwaya as a district merchandiser was made at the local level of defendant's management. Although the Regional Vice–President, Mr. Daynard, explained to plaintiff why someone else had been selected for the new position, defendant has stated that the decision was made primarily by management in the Oakland–Sacramento offices, rather than the regional offices. Plaintiff has presented no evidence to contradict this statement.

Nevertheless, the regional statistics requested by plaintiff would be probative of defendant's motive in replacing him. A pattern of racial disparity in defendant's employment practices could demonstrate an explicit or implicit policy of discrimination. *Diaz v. American Tel. & Tel., supra,* at 1363–1364.

Defendant has presented evidence that collecting the requested statistics would be burdensome, because they are no longer kept in the way requested by plaintiff. The former Western Region of defendant is now divided into three territories: The Northwest Territory, the Southern California Territory and the South Central Territory. Statistics are kept for these territories in tables. (Declaration of Albert J. Thomas, Human Resources Information Manager, at pp. 2–4). The court has discretion to balance the relevance of discovery against the burden of producing it. Rule 26(b)(1)(iii), Federal Rules of Civil Procedure. Upon doing so, this court finds that, while discovery of statistics for the now-nonexistent Western Region would be difficult or impossible, plaintiff is entitled to discovery of regional employment statistics, according to *Diaz, supra,* and therefore defendant should provide the requested statistics for the present territories which comprise the former Western Region.

Defendant may elect to provide plaintiff with the business records containing the information sought, if that method would be less burdensome for defendant than compiling the statistics, as provided in Rule 33(c) of the Federal Rules of Civil Procedure.

## DISCRIMINATION COMPLAINANTS

■ In Interrogatory Eight, plaintiff seeks discovery of the names, telephone numbers and addresses of employees of the Western Region who have filed complaints based on age, race or national origin with the Equal Employment Opportunity Commission or several other agencies. Plaintiff asserts that only the records of conciliation efforts of the EEOC are privileged and that therefore information about complainants is discoverable.

Defendant objects to discovery of this information, on the grounds of the privilege of the conciliation process and the privacy rights of the employees.

While the conciliation records are privileged, *EEOC v. Knights, Inc.* 112 F.R.D. 371 (1986), the names of complainants are also privileged. *Usery v. Ritter* 547 F.2d 528 (10th Cir.1977). If the names of complainants were discoverable, such a procedure would have a chilling effect on future complaints, since this information would be available to defendant companies as well as other complaining employees. Therefore, plaintiff is not entitled to discover names, addresses and telephone numbers of defendant's employees who have filed discrimination claims with public agencies. For the above reasons, discovery regarding other complainant employees of defendant is denied.

## PRESENT EMPLOYMENT STATUS OF DEFENDANT'S MANAGERS

■ Plaintiff and defendant dispute whether referring plaintiff to defendant's response to Interrogatories Three and Four is a proper response to Interrogatory Six. The response to Interrogatory Three gives 1982 information concerning Ward district merchandisers in Oakland and Sacramento. The response to Interrogatory Four objects

to producing the same information for the Western Region. The response to Interrogatory Six gives the last job title and location of district merchandisers in 1982, some of whom (notably plaintiff) are no longer employed by defendant. Plaintiff objects to being required to compare the lists in order to discern which managers are presently employed by defendant.

Interrogatory Four need only be answered to the extent of providing information for the present territories of defendant which comprise the former Western Region, as discussed *supra*.

While answering an interrogatory by reference to another interrogatory is not strictly proper procedure according to Rule 33(a), Federal Rules of Civil Procedure, the court in its discretion finds that the response of defendant to Interrogatory Six, i.e. by reference to responses to Interrogatories Three and Four, is adequate and therefore declines to order any further response to that interrogatory.

## REORGANIZATION DECISION-MAKING

In Interrogatory Sixteen, plaintiff asks defendant to provide details of the chain of decision-making from the Chicago head office of defendant to Oakland, where plaintiff was employed, reflecting the nationwide reorganization of defendant, and how it resulted in the elimination of plaintiff's job. Defendant objects to the request as vague and irrelevant and responds with information regarding the local decision-making process in the Oakland–Sacramento area. Plaintiff has failed to show relevance of information on the national decision-making process to the issue of the elimination of plaintiff's job and the alleged role of discrimination in that decision. The regional decision-making process, however is relevant, under the criteria in *Diaz, supra,* and defendant shall provide further information regarding the decision-making process in the three territories comprising the former Western Region.

## RELATED DOCUMENTS

Plaintiff has requested documents related to the answers to interrogatories. He has presented no evidence for the existence or relevance of such documents. Furthermore, he has not identified the documents with sufficient particularity for defendant to ascertain which documents to produce. Rule 34(b), Federal Rules of Civil Procedure. Defendant may elect to produce business records in lieu of answers to interrogatories, pursuant to Rule 33(c), Federal Rules of Civil Procedure.

## SANCTIONS

Plaintiff requests an award of sanctions, i.e. his expenses in bringing this motion to compel, pursuant to Rules 26(a) and 37(a)(4), Federal Rules of Civil Procedure. These rules govern interrogatories and refusal of discovery without substantial basis. The court finds that defendant's opposition to plaintiff's discovery does in fact rest on a substantial basis and that an award of sanctions is not justified.

## ORDER

For the reasons stated above, and good cause appearing,

IT IS HEREBY ORDERED that plaintiff's motion for further responses to interrogatories and production of related documents be GRANTED, to the extent of further responses to plaintiff's Interrogatories Four, Five and Sixteen. Defendant shall provide the requested information for the three territories comprising the former Western Region.

IT IS FURTHER ORDERED that plaintiff's motion to compel further responses to Interrogatories Six and Eight be DENIED.

IT IS FURTHER ORDERED that plaintiff's request for production of documents be DENIED. Defendant may elect to produce business records in lieu of answers to interrogatories, pursuant to Rule 33(c), Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that plaintiff's motion for an award of sanctions is DENIED.

IT IS FURTHER ORDERED that all responses and documents shall be provided to plaintiff on or before February 5, 1988.