MID–AMERICA FACILITIES, INC., and J. Roger Motherway, Plaintiffs,

v.

ARGONAUT INSURANCE COMPANY, Defendant.

Civ. A. No. 76–C–707.

United States District Court, E. D. Wisconsin.

April 19, 1978.

Brian J. Henderson, Milwaukee, Wis., for plaintiffs.

George E. Garvey, Milwaukee, Wis., H. C. Wheeler, Chicago, Ill., for defendant.

### DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action for amounts allegedly owing under a contract entered into be-

tween the parties to this action in June 1974, which contract was terminated in November 1975, for tortious interference with contract, for defamation, for breach of duty to act in good faith under the contract, and for negligence. The plaintiffs Mid-America Facilities, Inc., and J. Roger Motherway have moved the court to compel discovery with respect to their interrogatories to defendant Argonaut Insurance Company numbered 4, 6, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and 22 and paragraphs numbered 1, 10, 12, 14, 16, 18(c–j), and 19 of their first request for the production of documents. For the reasons hereinafter stated, the motion will be denied.

■ In response to interrogatories numbered 4, 6, 10, 13, 14, 17, and 22, the defendant offered to make available to plaintiffs the records which will enable them to ascertain for themselves the information requested. Under the circumstances, the Court finds that this was an appropriate response. Rule 33(c) of the Federal Rules of Civil Procedure provides that when an answer to an interrogatory may be ascertained from the business records of the party on whom the interrogatory is served and the burden of ascertaining the answer is substantially the same for both parties, the party on whom the interrogatory is served may, as an alternative to answering, make the records available. Plaintiffs allege that they were informed that it would take them approximately thirty days to go through the records to obtain the desired information, and that consequently it would be unduly burdensome to require them to do so. However, there is no indication that it would not take the defendant a substantially equivalent amount of time. The Court is of the opinion that where the burden is substantially equal, the moving party ought to be required to bear such burden.

■ As to plaintiffs' argument that the location of the records in California increases their burden and that defendant ought to be required to transport the records to Milwaukee, the Court is of the opinion that as defendant is a California corporation and plaintiffs have elected to sue in Wisconsin

and the volume of records is substantial, it is not unreasonable to require the plaintiffs to examine the records in the place where the records are located, i. e., California.

The defendant has objected to interrogatories numbered 12, 16, 18, 19, 20, and 21 on the grounds that they call for a conclusion of law or, in the alternative, that they involve an opinion or conclusion that relates to fact or the application of law to fact, and that therefore the answers should be deferred until discovery has been completed. Plaintiffs argue that as defendant has failed to move the court for an order deferring its response, the request should be denied.

■ Rule 33(a) of the Federal Rules of Civil Procedure does not require that the objecting party request the court by motion to permit a deferred response. Rather, it sets forth an objection on that basis as a proper response to an interrogatory and places the burden on the party serving the interrogatories to proceed under Rule 37 for an order compelling discovery. The Court finds that the interrogatories objected to on this basis ask for a mixed response of law and fact, and that those interrogatories need not be answered until discovery has been completed.

■ The defendant has objected to paragraphs numbered 1, 10, 12, 14, 16, 18(c–j), and 19 on the ground that while they may request production of some relevant documentation, or some that are designed to lead to the discovery of admissible evidence, they are significantly overbroad. The Court finds that the objection should be sustained. Paragraphs 1 and 10, for example, request a substantial number of documents relating to defendant's financial condition over a seven-year period for the sole purpose of determining defendant's present financial status for purposes of the punitive damages claim. Paragraphs 12, 14, 16, 18(c–j), and 19 request production of documents which relate not only to the dealings which plaintiffs had with the defendant, but also to the dealings which other companies had with the defendant. The docu-

ments in the latter category are, as plaintiffs concede, in no way relevant to the present action, and the Court finds that plaintiffs should be required to narrow the scope of their request so as to conform to the guidelines set forth in Rule 26 of the Federal Rules of Civil Procedure. Defendant has indicated that if plaintiffs do so, it will comply with their request and will produce the documents requested in California. As with the documents which defendant has offered to make available to the plaintiffs for purposes of answering certain of the interrogatories, unless plaintiffs can show that the burden imposed on them in going to California will substantially outweigh the burden on the defendant in bringing the documents to Milwaukee, defendant will have sufficiently complied with Rule 34 if it makes the documents available in California.

For the foregoing reasons,

IT IS ORDERED that the motion of the plaintiffs Mid-America Facilities, Inc., and J. Roger Motherway to compel discovery is denied.

IT IS FURTHER ORDERED that the requests of both parties for their reasonable expenses in regard to the motion to compel discovery are denied.