Richard W. GOFF, Plaintiff,

v.

The KROGER COMPANY, Defendant.

No. C–1–85–1350.

United States District Court,
S.D. Ohio, W.D.

May 20, 1988.

James B. Helmer, Jr., Virginia Conlan Whitman, Ann Lugbill and Robert Clark Neff, Jr., Cincinnati, Ohio, for plaintiff.

Robert G. Stachler, Thomas R. Schuck, Cincinnati, Ohio, for defendant.

ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon the parties' motions regarding discovery: Plaintiff's Partial Appeals (doc. nos. 62 & 63) of the Order of the United States Magistrate (doc. no. 50) and Defendant's Motion to Compel Discovery and for Sanctions (doc. no. 76), and the various exhaustive memoranda relating thereto (Appeal: doc. nos. 66, 71, 77, 78, 79; Motion to Compel: doc. nos. 90, 100).

While this Court must take ultimate responsibility for the tortured and protracted life of this case, both parties have failed to facilitate the resolution of these issues and rather have succeeded in deluging each other and this Court with volumes of paper. Rule 1 of the Federal Rules of Civil Procedure instructs the Court and bar that our goal is to secure the just, speedy, and inexpensive determination of every action. It is to this end that we now turn our attention in an attempt to prepare this matter for trial.

*I. Plaintiff's Appeal of the Order of the Magistrate*

Plaintiff appeals from the portion of the Magistrate's Order which denies plaintiff the right to discover information relating to executive positions at Kroger's subsidiary and affiliated companies, and the portion which limits his right to discover information relating to Kroger personnel at the manager level and above, excluding store managers and assistant managers. Plaintiff maintains that this information is relevant to demonstrate:

1. job opportunities available to plaintiff which defendant did not offer to him;

2. a pattern and practice of discrimination by defendant against its older employees; and

3. disparate treatment by defendant of its older employees, as opposed to the treatment afforded similarly situated younger employees.

Upon consideration, and after a thorough review of plaintiff's claims and issues raised thereby, the Court concludes that plaintiff is entitled to the requested discovery for the purposes outlined above. This Court's paramount purpose is to determine the truth, and the broad rules of discovery are essential tools to facilitate that truth-finding process. The Court should not, however, impose an onerous burden upon a party in that endeavor. Therefore, the discovery at issue in this case shall take place according to the following terms:

(1) Such discovery shall be limited to the five-year period between 1981 and 1986;

(2) Defendant shall inform plaintiff of the locations where the requested information is ordinarily kept;

(3) Defendant shall make such information available to plaintiff during normal business hours;

(4) Plaintiff shall arrange with defendant a time to review the requested information;

(5) Plaintiff shall travel at his own expense to the location where the requested information is ordinarily kept where such discovery shall occur;

(6) Plaintiff shall bear the cost of having one representative of defendant present at each discovery session; and

(7) Plaintiff shall bear the cost of copying any material or documents.

Both parties are expected and directed to conduct themselves in the highest professional manner in a co-operative effort to conclude the necessary discovery by these means.

## II. Defendant's Motion to Compel

■ Defendant moves for an order compelling plaintiff to provide responsive answers to defendant's First Set of Interrogatories and for an award of attorney fees and the costs incurred relating to its motion. In the alternative, defendant requests an order precluding the introduction of testimony of any persons not identified by plaintiff in response to the interrogatories and precluding the introduction of evidence to establish facts not specifically identified in such responses.

Significant to the resolution of this discovery dispute is the fact that plaintiff was deposed by defendant on March 4 and 11, 1986 and on June 13, 1986, some months prior to the filing of the subject motion to compel. This Court can find no good cause to promote a course of discovery which results in a continuous exchange of paper without advancing the matter to a productive end. The extensive tools of discovery are available to litigants to assist them in the orderly pursuit of the truth and to better prepare them to protect their rights; unfortunately, the discovery mechanism is easily vulnerable to abuse which creates the opposite result—a crippling handicap to dispute resolution.

The course of discovery proposed by defendant involves the answering of interrogatories by a person after that person has been deposed. It would follow from a logical and orderly use of the discovery tools that the least expensive, time consuming, and burdensome methods would be employed before resorting to the taking of a deposition. In this case, plaintiff was deposed on three separate occasions. The Court concludes that all the information concerning the issues in this case were available through the sworn testimony contained in the depositions. To demand answers to interrogatories now, after the depositions, would be needlessly burdensome and would ignore our purpose to expeditiously determine the rights of both parties as instructed in Fed.R.Civ.P. 1.

Further, a review of the interrogatories indicates that their substance, in a large measure, relates to plaintiff's state law claims which have been dismissed by this Court and which are no longer relevant to this case.

Therefore, defendant's Motion to Compel and for Sanctions and Costs is not well taken. The Court shall retain continuing

jurisdiction over this Order and it may be amended by the Court upon a showing of just cause.

Accordingly, plaintiff's Partial Appeals of the Order of the Magistrate (doc. nos. 62 and 63) are hereby GRANTED under the terms of this Order; defendant's Motions for Leave to File and Supplement a Sur-Reply memo (doc. nos. 77 and 79) are GRANTED, and defendant's Motion to Compel Discovery and for Sanctions (doc. no. 76) is hereby DENIED.

Based upon the foregoing, the parties are ORDERED to conclude all further necessary discovery on or before August 15, 1988 and no motion shall be filed after September 6, 1988. This case shall proceed to trial before a jury on Monday, January 9, 1989 at 9:30 A.M. and the parties shall file their Joint Final Pre–Trial Order on or before December 11, 1988. Further, this case is to be prepared and tried according to this Court's revised Instructions for Trial Preparation attached hereto; plaintiff is permitted 20 days in which to file his application for attorney fees charged to date pursuant to Section J of the Instructions.

IT IS SO ORDERED.