Avis E. BUCHANAN, et al.,

v.

**CONSOLIDATED STORES CORP.**

No. CIV.A.DKC 99–3736.

United States District Court, D. Maryland.

March 21, 2002.

---

**124**

Elizabeth S. Westfall, Christy E. Lopez, Relman and Associates, Edward J. Reed, Baach Robinson and Lewis PLLC, Washington, DC, John P. Relman, Christine Robitscher Ladd, Washington, DC, for plaintiffs.

Daniel R. Anderson, Melnicove, Kaufman, Weiner & Smouse, Baltimore, MD, R. Michael Smith, Dechert Price and Rhoads, Washington, DC, James E. Davidson, Kyle J. Stroh, Schottenstein, Zox and Dunn, John P. Gilligan, Schottenstein Zox and Dunn, Columbus, OH, Margaret C. Bettendorf, Schottenstein Zox and Dunn PH, Columbus, OH, for defendants.

## MEMORANDUM OPINION

CHASANOW, District Judge.

All discovery disputes were referred to Magistrate Judge Connelly for resolution. His decisions are final, unless a party timely files objections. Once objections are timely made, pursuant to Fed.R.Civ.P. 72(a):

> The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

1. After some of the objections were briefed, the parties reached agreement on issues concerning deposition hours and scheduling, making those objections moot.

2. In the initial motion papers before Magistrate Judge Connelly, Defendant asserted that it did

*See also* 28 U.S.C. § 636(b)(1)(A) (providing for District Court review of pretrial decisions made by a magistrate "where it is shown that the magistrate judge's order is clearly erroneous or contrary to law").

Defendant filed objections to portions of two letter orders issued by Magistrate Judge Connelly, and has extensively reargued its position on many issues. It has not, however, briefed those issues in terms of findings that are alleged to be clearly erroneous or contrary to law.[1] It is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate judge. Nevertheless, the court will review the objections, albeit under the proper standard.

**1. Company wide demographic or marketing data as it relates to race—July 20, 2001 Letter Order, ¶ 4.**

In its original response to Plaintiffs' document requests, Defendant objected that information regarding KB Stores outside the Washington–Baltimore metropolitan area was not relevant. In their original motion to compel, Plaintiffs asserted that the information was relevant, particularly in light of the asserted defense that the check-cashing policies in this area were based on nationally implemented policies, consistently applied nationwide, regardless of the race of a particular store's customer base.

With regard to complaints concerning customer payment policies and logs of MIS reports related to check usage, Magistrate Judge Connelly granted the motion to compel and Defendant does not now object.

Defendant continues to object to production of documents concerning demographics of areas in which KB Toys stores are located or customers of stores about which Tim Kolp, vice-president of real estate testified.[2] In its objection memorandum, Defendant asserts that companywide demographic and marketing data as it relates to race is not relevant.

not have logs of demographic material and that, to the extent that demographic information was used, the material had already been produced. In reply, plaintiff disputed that assertion. Before the undersigned, Defendant is not pursuing those arguments.

Paper No. 51, p. 8. A secondary question is whether the Customer Database Initiative (CDI) and all real estate files are included in the documents to be produced pursuant to Magistrate Judge Connelly's order. Defendant also appears to claim the request is overly burdensome, when weighed against Plaintiff's inability to produce evidence.

Discovery extends, generally, to any non-privileged matter "relevant" to a claim or defense of any party. The matter need not be itself admissible if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Rule 26(b)(1).

 Defendant has not shown that Magistrate Judge Connelly's relevancy determination is clearly erroneous. Magistrate Judge Connelly applied the appropriate relevancy standard. Plaintiffs are permitted to discover material relevant to their claim or to a defense. At this stage of the case, they are not required to prove that the material will be admissible. Defendant does not contest the assertion that it claims to employ a nationwide, uniform policy on "no check" stores. Plaintiffs should be permitted to explore that assertion and, to do so, they need access to companywide information on demographics as it relates to all stores. Defendant is not being asked to create documents, only to produce what already exists. It cannot mount a burden argument without support and only for the purpose of establishing that Magistrate Judge Connelly's ruling was clearly erroneous or contrary to law. (As pointed out by Plaintiffs, no burdensomeness argument was mounted before Magistrate Judge Connelly with regard to these documents.) Defendant's objection to the ruling of Magistrate Judge Connelly requiring production of companywide demographic or marketing data is overruled.

Plaintiffs also succeed in demonstrating generally that all of the requested documents fall within the category to be produced as including marketing or real estate data related to race. Defendant tries to draw too fine a line between what is sought and its own characterization of the documents. The CDI contains information about customers that can be characterized as "demographic." Defendant concedes that some real estate files contain references to ethnicity. Similarly, the subpart requests all fall within a permitted scope.[3]

### 2. Affidavit certifying that Defendant has produced all documents responsive to document requests 2, 3, 11, 12, 13, 14 and 29—July 20, 2001 Letter Order, ¶ 6.

In their motion to compel, Plaintiffs requested an affidavit from Defendant certifying that it has produced all documents responsive to the requests and describing its efforts to locate documents responsive to certain requests. The order entered by Magistrate Judge Connelly grants the request, but may be read to limit the affidavit to a certification that Defendant has produced all responsive documents to certain requests. Defendant objects to having to provide any affidavit at all, but also objects to the wording of the order. The undersigned agrees that the order should be modified.

 Plaintiffs originally sought the affidavit as an added assurance that all responsive documents have been located, citing to cases requiring a statement or affidavit outlining location efforts when a party certifies that no responsive documents exist. That request was amply supported and the undersigned affirms Magistrate Judge Connelly's ruling in that regard. The exact scope of the affidavit, however, should be clarified. Production and certification by counsel already certifies that Defendant is, in good faith, producing all responsive documents and a further affidavit to that effect is unnecessary. A description of efforts undertaken to locate responsive documents has not been provided. Accordingly, Defendant will be ordered to provide an affidavit describing the efforts made to locate documents responsive to requests no. 2, 3, 11, 12, 13, 14 and 29.

### Conclusion

For the foregoing reasons, the objections to the rulings of Magistrate Judge Connelly

---

3. To the extent that practical problems remain to be resolved, such as cost, timing, and location of production, the parties may again consult Magistrate Judge Connelly.

are overruled in large measure, but granted in part. A separate order will be entered.