**SUPERIOR COMMUNICATIONS,**
a California corporation

v.

**EARHUGGER, INC., a Utah corporation.**

No. CV 08–3088–PA(RCx).

United States District Court,
C.D. California.

Feb. 18, 2009.

**216**

Patrick F. Bright, Glendale, CA, for Plaintiff.

Todd E. Zenger, Salt Lake City, UT, for Defendant.

PROCEEDINGS: ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL INTERROGATORY RESPONSES AND GRANTING, IN PART, PLAINTIFF'S MOTION TO COMPEL DOCUMENT REQUESTS

ROSALYN M. CHAPMAN, United States Magistrate Judge.

On January 28, 2009, plaintiff filed a notice of motion and motion to compel discovery, a

joint stipulation, and the supporting declaration of Patrick F. Bright.[1]  Neither party has filed a supplemental memorandum.  Oral argument was held on February 18, 2009, before Magistrate Judge Rosalyn M. Chapman.

## BACKGROUND

On May 12, 2008, plaintiff Superior Communications, a California corporation, filed a complaint against defendant Earhugger, Inc., a Utah corporation, for infringement of U.S. Patent 5,847,545 ("the patent"), alleging defendant violated the patent "by selling, and offering to [sell] ... battery chargers, e.g., the PowerPOD charger, that infringe the '545 patent."  Complaint ¶ 1. Plaintiff seeks declaratory and injunctive relief and actual damages, among other things.  On August 20, 2008, defendant filed an answer and raised several affirmative defenses, including equitable defenses and defenses that the patent is invalid and has not been infringed.

On January 20, 2009, plaintiff filed its Disclosures of Asserted Claims and Infringement Contentions alleging defendant's "PowerPOD battery chargers ("the Accused Products") infringe Claims 1–7 [of the patent], as shown in the attached claim charts." Plaintiff further contends "[o]ne such [infringing] product, on information and belief, is the EH Power Pod Charger."

## I

Local Rule 37–2.2 provides, in part,

... After the opposing party's papers are added to the stipulation by the moving party's counsel, the stipulation shall be provided to opposing counsel, who shall sign it (electronically or otherwise) and return it to counsel for the moving party, no later than the end of the next business day, so that it can be filed with the notice of motion.

Local Rule 37–2.2.

Here, Mr. Bright states that on January 23, 2009, he "added to the motion the inserts

---

1. In his declaration, Mr. Bright "ask[s] this Court to award appropriate issue preclusion and monetary sanctions to Plaintiff, in addition to an order directing Defendant ... to produce the long-overdue discovery within 5 calendar days after the entry of such an order."  Declaration of

Patrick F. Bright ("Bright Decl.") ¶ 3. However, plaintiff's notice of motion does not state plaintiff seeks these sanctions, and the joint stipulation does not address these sanctions; thus, the Court does not consider these requests, which are improperly set forth solely in counsel's declaration.

that Mr. Zenger [defendant's counsel] provided to [him], and returned the motion as here filed to [Mr. Zenger] for final review and signing. [However, Mr. Zenger] has not responded to my emails and phone calls since January 23, 2009. I emailed him today [January 28, 2009] that I would be filing this motion without his signature if I heard nothing from him. I have heard nothing from him." Bright Decl. ¶ 2. Nothing in Rule 37–2.2 provides counsel the option of refusing to comply with its requirements. This is deliberate on the district court's part, since leaving counsel the discretion to determine whether to comply with Local Rule 37 would undermine the purpose of that rule, which is to assist the Court in addressing discovery disputes. Here, Mr. Zenger failed to comply with Local Rule 37–2.2, and did not sign the joint stipulation;[2] accordingly, this Court is considering sanctioning Mr. Zenger in the amount of $500.00 under Local Rule 37–4, as set forth in the Order.

## II

Under the federal rules, discovery is permitted in civil actions of "any nonprivileged matter that is relevant to any party's claim or defense...." Fed.R.Civ.P. 26(b)(1); *see Surfvivor Media, Inc. v. Survivor Prods.,* 406 F.3d 625, 635 (9th Cir.2005) ("Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'"). " 'Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute.' " *Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 636 (C.D.Cal.2005) (quoting *Oakes v. Halvorsen Marine Ltd.,* 179 F.R.D. 281, 283 (C.D.Cal. 1998)). The party who resists discovery has the burden to show discovery should not be

allowed, and has the burden of clarifying, explaining, and supporting its objections. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975); *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.,* 135 F.R.D. 101, 104 (D.N.J.1990).

[3] The dispute before the Court focuses on ten interrogatories and 75 document requests plaintiff served on defendant. Rule 33 of the Federal Rules of Civil Procedure provides for the serving by a party upon any other party of written interrogatories that relate to any matters which can be inquired into under Rule 26(b). Fed.R.Civ.P. 33(a)(2). Rule 34 provides for the serving by a party upon any other party of written requests for the responding party "to produce and permit the requesting party ... to inspect ... [and] copy ... any designated documents or electronically stored information" that is "in the responding party's possession, custody or control." Fed.R.Civ.P. 34(a)(1)(A).[3] The responding party has an obligation to conduct a reasonably inquiry into the factual basis of its responses to the request to produce documents. *National Ass'n of Radiation Survivors v. Turnage,* 115 F.R.D. 543, 554–56 (N.D.Cal.1987). "Rules 33 and 34 are cumulative, not alternative." *United States v. National Steel Corp.,* 26 F.R.D. 603, 606 (S.D.Tex.1960); *Harvey v. Levine,* 25 F.R.D. 15, 17 (N.D.Oh.1960).

As an initial matter, defendant contends plaintiff's interrogatories do not comply with Rule 33(a) because they exceed 25 in number. Rule 33(a) provides that:

[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories

---

**2.** At oral argument, Mr. Zenger stated he authorized Mr. Bright to sign the joint stipulation on his behalf since he was on vacation. However, Mr. Bright stated this is not true. Thus, Mr. Zenger should file a declaration under oath if he does not want to be sanctioned, as set forth in the Order.

**3.** "[F]ederal courts have consistently held that documents are deemed to be within [a party's] 'possession, custody or control' for purposes of

Rule 34 if the party has *actual* possession, custody, or control, or has the legal right to obtain the documents on demand." *In re Bankers Trust Co.,* 61 F.3d 465, 469 (6th Cir.1995), *cert. dismissed,* 517 U.S. 1205, 116 S.Ct. 1711, 134 L.Ed.2d 808 (1996); *see also United States v. Int'l Union of Petroleum and Indus. Workers, AFL–CIO,* 870 F.2d 1450, 1452 (9th Cir.1989) ("Control is defined as the legal right to obtain documents upon demand.").

may be granted to the extent consistent with Rule 26(b)(2).

Fed.R.Civ.P. 33(a). "Although the term 'discrete subparts' does not have a precise meaning, courts generally agree that 'interrogatory subparts are to be counted as one interrogatory ... if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D.Cal.2006) (citations omitted); *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D.Cal.1998); *see also Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 664–65 (D.Kan.2004) ("[A]n interrogatory containing subparts directed at eliciting details concerning a 'common theme' should generally be considered a single question.").

■ Defendant claims: Interrogatory nos. 1, 2,[4] 4, 6 and 10 each have at least three distinct parts and subparts; Interrogatory no. 3 has at least six distinct parts and subparts; Interrogatory nos. 5 and 9 each have at least two distinct parts and subparts; and Interrogatory nos. 7 and 8 each have at least seven distinct parts and subparts. Applying the rationale of the cited cases, the Court finds that each of plaintiff's interrogatories has more than one logically or factually-related theme; thus, the Court determines plaintiff has asked substantially more than 25 interrogatories.[5] A classic example of plaintiff's approach is Interrogatory no. 1, which asks:

> State all of the facts that support or undermine the allegation in YOUR answer to the Complaint. Identify all PERSONS who have knowledge of these facts. Identify all DOCUMENTS and things that RELATE or refer to those facts.

Jt. Stip. at 5:27–6:2. Even if the Court were to overlook that this single interrogatory requires defendant, among other things, to set forth all facts regarding each of the affirmative defenses upon which defendant relies, and the additional difficulty defendant would have in coherently responding to this request given that plaintiff's complaint does not identify which claims of the patent-in-suit defendant's products allegedly infringe or which of defendant's products allegedly infringe the patent-in-suit. Interrogatory no. 1 still has at least three discrete subparts: facts; persons; and documents. *Safeco of Am.*, 181 F.R.D. at 445–48; *see also U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 235 F.R.D. 521, 527 (D.D.C.2006) (Interrogatory seeking "all facts supporting Relator's contention that [defendant] was aware of the illegal conduct of the medical directors ...; asks Relator to identify each person who knew, and to explain how they knew, of the violations [and] requests that Relator identify all documents that support the contention as to each medical director" is "more accurately counted as three separate interrogatories."); *Trevino*, 232 F.R.D. at 614 § Interrogatory asking defendant to "[i]dentify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify and the substance of the facts and opinions to which the expert is expected to testify, and provide a summary of the grounds for each opinion and the expert's qualifications" constitutes ("three separate interrogatories."); *Banks v. Office of the Senate Sergeant–At–Arms*, 222 F.R.D. 7, 10 (D.D.C.2004) (An "obvious example" of a discrete subpart "is the combining in a single interrogatory of a demand for information and a demand for the documents that pertain to that event. Clearly, these are two distinct demands because knowing that an event occurred is entirely different from learning about the documents that evidence it occurred. Thus, a demand for information about a certain event and for the documents about it should be counted as two separate interrogatories.").

Since granting plaintiff's motion to compel responses to the interrogatories, even in part, would exceed 25 interrogatories, the Court will deny without prejudice plaintiff's motion to compel responses to Interrogatory nos. 1 and 3 through 10, and afford plaintiff the opportunity to prioritize its inquiries and

---

4. The Court finds Interrogatory no. 2 does not seek relevant information, as plaintiff candidly admits. Thus, plaintiff's request to compel a response to Interrogatory no. 2 **is denied.**

5. Plaintiff merely argues that it has **not** asked more than 25 interrogatories, and does **not** request the Court allow it to ask more than 25 interrogatories.

determine which interrogatories to again submit to defendant.[6] *Safeco of Am.,* 181 F.R.D. at 448; *Banks,* 222 F.R.D. at 11; *see also Williams v. Bd. of County Comm'rs of the Unified Gov't of Wyandotte County and Kansas City, Kansas,* 192 F.R.D. 698, 702 (D.Kan.2000) (Since "the Court finds defendant The Board of County Commissioners has exceeded the maximum number of interrogatories allowed to be served by each party . . ., the Court concludes Plaintiff should not be required to answer the interrogatories as propounded.").

The plaintiff also seeks to compel documents responsive to Request nos. 1–75.[7] To address these voluminous document requests in a reasonable manner, the Court groups these requests into the following four broad categories (as plaintiff should have done): (1) documents related to defendant's answer and affirmative defenses (Request nos. 1–6, 11–15 and 38–39); (2) documents related to plaintiff's first set of interrogatories to defendant (Request nos. 7 and 16); (3) documents related to the patent-in-suit, defendant's patents, and/or Power POD battery charger(s) (Request nos. 17–18, 20–29,[8] 35, 37, 40–41, 43–44, 48, 55–56, and 58–75 [9]); and (4) documents related to the sales of Power POD battery charger(s), defendant's finances, and damages (Request nos. 8–10, 30–34, 36, 42, 45–47, 49–54 and 57).

Defendant makes numerous boilerplate objections to the document requests, including that the requests: invade protected attorney-client privilege and work-product protection; are vague and unduly burdensome; are "premature" since defendant has not received discovery from plaintiff; and the "answer[s] may be as readily ascertained by [plaintiff] as by [defendant] by an inspection of documents . . . ." Further, defendant offers to make available to plaintiff "all nonprivileged documents within the scope of [the] docu-

ment request[s], if any, in Utah at a mutually agreeable location and time."

▮ As an initial matter, none of defendant's objections to category (1) document requests (Request nos. 1–6, 11–15 and 38–39) are well-taken since these requests seek only documents supporting defendant's answer and affirmative defenses, and such document requests complement Rule 33(a)(2), which allows a party to propound contention interrogatories. *Cf. Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc.,* 175 F.R.D. 646, 650 (C.D.Cal.1997); *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton,* 136 F.R.D. 682, 684 (D.Kan.1991). Thus, plaintiff's motion to compel responses to the category (1) document requests should be **granted.**

▮ The same cannot be said, however, for the category (2), (3) and (4) document requests. With regard to category (2), since the Court has previously denied without prejudice plaintiff's motion to compel responses to plaintiff's interrogatories, the Court also **denies** plaintiff's motion to compel documents responsive to Request nos. 7 and 16, which refer to defendant's responses to the interrogatories. As for categories (3) and (4), although boilerplate objections are generally improper, and the Court disapproves of them, *Paulsen v. Case Corp.,* 168 F.R.D. 285, 289 (C.D.Cal.1996); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet party's burden to explain why discovery requests were objectionable); *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir.1985) (conclusory recitations of expense and burdensomeness are not sufficiently specific to demonstrate why discovery is objectionable); *Burns v. Imagine Films Enter-*

---

**6.** The Court, thus, does not address defendant's other objections, which would not afford plaintiff any greater relief than granted herein.

**7.** Request no. 19 is not included in the joint stipulation.

**8.** Request nos. 20 and 22 are identical and Request nos. 21 and 23 are identical.

**9.** Request nos. 62–64 seek information about defendant's experts and their evidence. Since Judge Anderson has not set a separate discovery period for expert discovery, the Court finds these document requests are not premature.

*tainment, Inc.,* 164 F.R.D. 589, 592–93 (W.D.N.Y.1996) (general objections that discovery request was overbroad, vague and unduly burdensome were not sufficiently specific to allow court to ascertain objectionable character of discovery request and were improper), some of defendant's boilerplate "vague and unduly burdensome" objections to category (3) and (4) document requests have merit. Here, many of plaintiff's category (3) and (4) document requests seek information about **all** of defendant's products-not just the "Accused Products" or the Power POD battery charger(s);[10] thus, the category (3) and (4) document requests are vague and unduly burdensome and must be limited to the "Accused Products" or the Power POD battery charger(s). *See,* e.g., Request nos. 9–10, 27–36, 40, 42–45, 48–59, 71 and 74–75. Even with this limitation, however, Request nos. 17–18, 40–41, 44, 53–54 and 72–73 must be denied as being vague and unduly burdensome, and the Court **denies** plaintiff's motion to compel these requests.

Moreover, it is clear to the Court that some of the documents responsive to plaintiff's category (3) and (4) document requests may be protected by the attorney-client privilege or the work-product doctrine. For example, Request no. 61 seeks "ALL DOCUMENTS RELATED TO communications between [defendant's] counsel, and anyone other than [defendant], regarding this litigation." Similarly, Request no. 66 seeks: "All DOCUMENTS that refer or RELATE TO the validity or invalidity of any of the claims of the patent-in-suit." Clearly, a response to these requests may include documents protected by the attorney-client privilege or work-product protection or both. However, the Court does not know whether defendant has provided a privilege log to plaintiff. If not, defendant must provide plaintiff with a privilege log setting forth the documents defendant is withholding from production on attorney-client privilege and work product grounds.[11]

■ Finally, it is not clear to the Court whether plaintiff is challenging defendant's offer to make documents available for inspection in Utah and claiming defendant must copy and produce the responsive documents to plaintiff in California. Defendant's portion of the joint stipulation discusses this issue extensively, but plaintiff's does not, other than conclusorily asserting the offer is "illusory." Rule 34 requires that document requests "must specify a reasonable time, place, and manner for the inspection and for performance of the related acts." Fed. R.Civ.P. 34(b)(1)(B). Here, plaintiff has not provided the Court with a copy of its document requests, and the Court does not know whether plaintiff designated a different place for production of the requested documents than defendant offers, and neither party has provided the Court with any evidence regarding the respective burdens on the parties for document production. For the parties' guidance, the Court notes "the general rule [is] that business records should be examined at the place where they are kept, at least where the documents requested are large in number and their production poses some inconvenience." *Petruska v. Johns–Manville,* 83 F.R.D. 32, 36 (D.Pa.1979); *see also Mid–America Facilities, Inc. v. Argonaut Ins. Co.,* 78 F.R.D. 497, 499 (E.D.Wis. 1978) (Defendant, a California corporation plaintiffs sued in Wisconsin, met the requirements of Rule 34 when it offered to make documents available to plaintiffs in California "unless plaintiffs can show that the burden imposed on them in going to California will substantially outweigh the burden of the defendant in bringing the documents to Milwaukee[.]"); *Betts v. Agri–Tech Serv., Inc.,*

10. Unfortunately, the joint stipulation is woefully lacking in pertinent information, such as whether defendant produces or sells products other than the "Accused Products."

11. The Court finds Model Form 11:A, set forth in The Rutter Group Practice Guide, *Federal Civil Procedure Before Trial,* correctly and adequately lists all the information that should be on the privilege log, including the title or position of the author and recipient of the document. *See In re*

*Grand Jury Investigation,* 974 F.2d 1068, 1071 (9th Cir.1992); *Dole v. Milonas,* 889 F.2d 885, 888 n. 3 (9th Cir.1989). In addition to the information on Model Form 11:A, the Court will require the Bates number of the document be placed in parenthesis next to the log number. This should assist plaintiff in determining whether a document has been withheld without proper reason.

1990 WL 5731, *1 (D.Kan.1990) ("Business records should usually be examined at the place where they are kept and at reasonable hours."). Since plaintiff, as movant, has not met its burden to show it designated a location other than Utah, or that going to Utah to examine defendant's documents would place a substantial burden on plaintiff, defendant may have plaintiff inspect its documents in Utah.

For all these reasons, plaintiff's motion to compel documents responsive to document Request nos. 1–75 **IS GRANTED, IN PART, AND DENIED, IN PART.** Specifically, the Court **GRANTS** the motion to compel documents responsive to Request nos. 1–6, 8–15, 20–21, 24–39, 42–43, 45–52, 55–71 and 74–75, and **DENIES** plaintiff's motion as to Request nos. 7, 16–18, 22–23, 40–41, 44, 53–54 and 72–73.

### ORDER

1. Defendant's counsel **IS ORDERED** to Show Cause why he should not be sanctioned in the amount of $500.00 for having violated Local Rule 37–2.2. If defendant's counsel objects, he shall file objections, no later than March 2, 2009, and the matter will then be set for hearing on March 12, 2009, at 9:00 a.m. in Courtroom 23.

2. Plaintiff's motion to compel further responses to Interrogatory nos. 1 and 3–10 **IS DENIED WITHOUT PREJUDICE,** and plaintiff's motion to compel a response to Interrogatory no. 2 **IS DENIED** with prejudice.

3. Plaintiff's motion to compel further responses to Request nos. 1–75 **IS GRANTED, IN PART, AND DENIED, IN PART.** Defendant shall produce to plaintiff all documents responsive to Request nos. 1–6, 8–15, 20–21, 24–39, 42–43, 45–52, 55–71 and 74–75, no later than twenty (20) days from the date of this Order. In the event documents responsive to these requests are privileged, defendant shall provide a privilege log to plaintiff that complies with the requirements of footnote 10, no later than thirty (30) days from the date of this Order. Plaintiff's motion to compel documents responsive to Request nos. 7, 16–18, 22–23, 40–41, 44, 53–54 and 72–73 **IS DENIED.**