**INDEPENDENT LIVING CENTER OF SOUTHERN CALIFORNIA, et al., Plaintiffs,**

v.

**CITY OF LOS ANGELES, CALIFORNIA, et al., Defendants.**

No. CV 12–0551 FMO (PJWx).

United States District Court, C.D. California.

Oct. 8, 2013.

Autumn M. Elliott, Panchalam Seshan Srividya, Disability Rights California, Maronel Barajas, Disability Rights Legal Center, Paula D. Pearlman, Los Angeles, CA, D. Scott Chang, Jamie L. Crook, Michael G. Allen, Timothy M. Smyth, Relman Dane and Colfax PLLC, Washington, DC, Dara L. Schur, Protection and Advocacy, Oakland, CA, David Grant Geffen, David Geffen Law Firm, Santa Monica, CA, for Plaintiffs.

Mark Andrew Byrne, Jennifer L. Derwin, Byrne and Nixon LLP, Melissa T. Daugher-

ty, Robert Michael Collins, Lewis Brisbois Bisgaard and Smith LLP, Derrick S. Lowe, R. Jeffrey Neer, Phillip A. Baker, Baker Keener and Nahra LLP, Roberto Lara, Lara & Ibarra LLP, John R. Benson, Law Office of John R. Benson, Leo D. Plotkin, Levy Small and Lallas, Dimitrios Peter Biller, Los Angeles, CA, Scott Parrish Moore, Anthony Domenic Todero, Baird Holm LLP, Omaha, NE, Theresa L. Kitay, Theresa L. Kitay Attorney at Law, Marina del Rey, CA, Megan Kathleen Garibaldi, Mark Jason Austin, Rutan & Tucker LLP, Costa Mesa, CA, William Jeffrey Goines, Greenberg Traurig LLP, East Palo Alto, CA, Christopher P. Warne, Law Offices of Christopher Warne, Pacific Palasades, CA, Barry Clifford Snyder, Snyder Law LLP, Santa Barbara, CA, for Defendants.

## ORDER Re: PLAINTIFFS' MOTION CONCERNING SCOPE OF DISCOVERY

FERNANDO M. OLGUIN, District Judge.

Having reviewed and considered all the briefing filed with respect to plaintiff's Motion to Judge Olguin Concerning the Scope of Discovery, Pursuant to Referral By Magistrate Judge Walsh ("Motion"), and concluding that oral argument is not necessary to resolve the Motion, *see* Fed.R.Civ.P. 78; Local Rule 7–15; *Willis v. Pac. Mar. Ass'n,* 244 F.3d 675, 684 n. 2 (9th Cir.2001), the court rules as follows.

### *BACKGROUND*

The Independent Living Center of Southern California, Fair Housing Council of San Fernando Valley, and Communities Actively Living Independent and Free (collectively,

"plaintiffs") filed this action on January 13, 2012, pursuant to Section 504 of the Rehabilitation Act ("Section 504"), Title II of the Americans with Disabilities Act ("ADA"), the Fair Housing Act ("FHA") and California Government Code § 11135 ("Section 11135"). (*See* Plaintiffs' Complaint for Injunctive, Declaratory, and Monetary Relief). Plaintiffs filed a Second Amended Complaint for Injunctive, Declaratory, and Monetary Relief ("SAC") on August 20, 2012, alleging that defendants CRA/LA Designated Local Authority, a public entity and successor agency to the Community Redevelopment Agency of the City of Los Angeles ("CRA/LA"), and the City of Los Angeles ("City") (collectively, the "government defendants")[1] have engaged in a "pattern or practice" of discrimination against people with disabilities in violation of federal and state anti-discrimination laws.[2] (SAC at ¶ 2).

Plaintiffs also name as defendants 61 owners of multifamily residential properties in the City of Los Angeles (collectively, "owner defendants"), which received federal funds from or through the government defendants. (*See* SAC at ¶¶ 3 & 57–116). Plaintiffs do not allege any affirmative claims against any of the owner defendants, but bring them into this action pursuant to Federal Rule of Civil Procedure 19(b) as necessary parties to enforce any injunctive and/or other relief that may be granted by the court if plaintiffs prevail against the government defendants.[3] (*See* SAC at ¶ 3).

Plaintiffs filed the instant Motion on August 20, 2013, seeking an order regarding the scope of discovery to which they are entitled from the government defendants.[4] (*See* Motion at 1). The government defendants each

---

1. Plaintiffs also named as a defendant the Oversight Board for the CRA/LA, but all claims against the Oversight Board were dismissed pursuant to the Court's Order of November 29, 2012.

2. On November 29, 2012, pursuant to the City's and CRA/LA's motions to dismiss, the court upheld plaintiffs' claims pursuant to Section 504, the ADA, and Section 11135, but dismissed plaintiffs' claims under the FHA in their entirety. (*See* Court's Order of November 29, 2012).

3. " '[A] person may be joined as a party [under Rule 19(b) ] for the sole purpose of making it

possible to accord complete relief between those who are already parties, even though no present party asserts a grievance against such person.' " *E.E.O.C. v. Peabody W. Coal Co.,* 400 F.3d 774, 781 (9th Cir.2005), *cert. denied,* 546 U.S. 1150, 126 S.Ct. 1164, 163 L.Ed.2d 1128 (2006) (second alteration in original) (quoting *Beverly Hills Fed. Sav. and Loan Ass'n v. Webb,* 406 F.2d 1275, 1279–80 (9th Cir.1969)).

4. The Motion was filed pursuant to Judge Walsh's Order of July 24, 2013, in which he directed the parties to raise plaintiffs' request for a ruling regarding the permissible scope of discovery with the undersigned.

filed oppositions to plaintiffs' Motion on August 26, 2013. (*See* City's Opposition to Plaintiffs' Motion Concerning the Scope of Discovery ("City's Opp."); CRA/LA, A Designated Local Authority, Successor to Community Redevelopment Agency of the City of Los Angeles (ABx1 26)'s Opposition to Plaintiffs' Motion to Judge Olguin Concerning the Scope of Discovery, Pursuant to Referral by Magistrate Judge Walsh (ECF 299) ("CRA/LA's Opp.")). Plaintiffs filed a Reply to the City and CRA/LA's Oppositions to Motion Regarding the Scope of Discovery ("Reply") on August 28, 2013.

## DISCUSSION

### I. STANDARD OF REVIEW.

 Generally, a party can discover any nonprivileged information that is relevant to the claims or defenses of any other party. *See* Fed.R.Civ.P. 26(b)(1). Relevant information does not have to be admissible so long as it appears calculated to lead to the discovery of admissible evidence. *Id.* "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party. A request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party." *In re Toys R Us–Delaware, Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 2010 WL 4942645, *1 (C.D.Cal.2010); *see also Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir.2005) ("Litigants may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Relevant information for purposes of discovery is information reasonably calculated to lead to the discovery of admissible evidence.") (internal quotation marks and citations omitted). "The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D.Cal.2009); *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 655–56 (C.D.Cal.2005); *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied.").

### II. THE DISPUTED SCOPE OF DISCOVERY.

Plaintiffs seek an order requiring defendants to provide information and documents responsive to plaintiffs' discovery requests regarding "the entire inventory of housing built or rehabilitated with funds, land, or other assistance provided by or through [the CRA/LA or the City], including projects not yet completed[.]" (Motion at 1). Plaintiffs assert that they have "propounded multiple discovery requests—interrogatories, requests for production and requests for admission"—on the government defendants, "seeking documents and information concerning the entire CRA/LA inventory." (*Id.* at 7). Plaintiffs define "Redevelopment Housing Program" as "the inventory of housing built or rehabilitated with funds, land, or other assistance provided by or through the CRA/LA or the City ..., including any projects not yet completed." (*See* Declaration of Michael Allen in Support of Plaintiffs' Motion to Judge Olguin Concerning the Scope of Discovery Pursuant to Referral by Magistrate Judge Walsh ("Allen Decl."), Exh. 3 at 7).

The government defendants object to plaintiffs' definition of "Redevelopment Housing Program," and refuse to respond to the subject discovery requests beyond the 61 properties named in the SAC. (*See* City's Opp. at 9). In particular, the government defendants assert that plaintiffs' discovery requests are: (1) an improper attempt to amend the SAC to include additional Rule 19 defendants without seeking leave to amend the SAC; and (2) irrelevant because the discovery requests seek discovery relating to properties and entities that are not parties to the action. (*See* City's Opp. at 12–15; CRA/LA's Opp. at 3–8). The government defendants' assertions are unpersuasive.

As an initial matter, the government defendants' objection to the term "Redevelopment Housing Program," (*see* Allen Decl., Exh. 4 (City's Objections and Responses to CALIF Requests for Production), at Nos. 3,

4, 8, 13, 14, 19, 24, 27, 30, 35–41 & Exh. 8 (CRA/LA's Objections and Responses to FHC Requests for Production), at Nos. 3, 4, 5, 7, 12, 13, 19, 24, 27, 30, 41–47; *see also,* City's Opposition at 9), is overruled. In the SAC and in their discovery requests, plaintiffs refer to the CRA/LA housing portfolio as the "Redevelopment Housing Program," which is defined as the entire "inventory of housing built or rehabilitated with funds, land, or other assistance provided by or through [CRA/LA or the City as its housing successor agency,] including projects not yet completed[.]" (SAC at ¶ 164). Plaintiffs' use of the term "Redevelopment Housing Program" is nothing more than a shorthand descriptive phrase to refer to the entirety of the government defendants' inventory of housing built or yet to be built with funds provided by the CRA/LA and/or the City. In other words, it is simply a shorthand term that refers to the entire housing portfolio of the CRA/LA and the City.

With respect to the government defendants' contention that, by seeking discovery beyond the 61 named owner defendants, plaintiffs are improperly attempting to add Rule 19 defendants, in violation of the June 1, 2012, deadline to name necessary parties, (*see* City's Opposition at 12; Court's Order of April 23, 2012), it is clear that the government defendants, as they did with the term discussed above, are deliberately misconstruing plaintiffs' discovery requests and the nature of plaintiffs' claims. Plaintiffs have stated that they "are not seeking to add additional parties or properties to the [SAC]." (Reply at 2). It strains credulity for the government defendants to argue (*see* CRA/LA Opp. at 6) ("Plaintiffs request to broaden the scope of discovery is thus a backdoor attempt to triple the size of this litigation and impose untold prejudice upon CRA/LA, its co-defendants and the other approximately 180 non-parties Plaintiffs are attempting to drag into this lawsuit more than one year and a half after it was filed.") that seeking discovery from and/or about entities that are not "parties" within the meaning of the Federal Rules of Civil Procedure is somehow improper.

■ In any event, as noted earlier, the standard is whether the subject discovery requests are relevant to the claims or defenses in the action or reasonably calculated to lead to the discovery of admissible evidence. *See* Fed.R.Civ.P. 26(b)(1). Contrary to the government defendants' claim that "documents and other information pertaining to [ ] non-parties is simply not relevant to ... the claims asserted[,]" (*see* CRA/LA's Opp. at 6), plaintiffs' action explicitly puts at issue the entire "inventory of housing built or rehabilitated with funds, land, or other assistance provided by or through the [government] defendants, including projects not yet completed[.]" (SAC at ¶ 164). Plaintiffs allege that the "Government Defendants failed, and continue to fail, to take steps to ensure that the Redevelopment Housing Program is accessible to people with disabilities or that any accessible units that exist are made available to people with disabilities." (SAC at ¶ 168). Plaintiffs' allegations are based on the government defendants' purported failure "to maintain policies, practices, or procedures," (*id.* at ¶ 172), such as "fail[ing] to monitor compliance with ... accessibility requirements[,]" (*id.* at ¶ 174), and "exercis[ing] oversight over developers and owners of housing" who receive federal funds. (*Id.* at ¶ 181). As the court has previously stated, "[t]he main focus of this lawsuit is the legality of the overall housing program," in which plaintiffs "allege ... a past and continuing failure to ensure that housing projects receiving state and federal funding comply with statutory requirements." (Court's Order of November 29, 2013, at 6). In short, plaintiffs' discovery requests are clearly relevant to the claims in the SAC and/or reasonably calculated to lead to discovery of relevant evidence. *See* Fed.R.Civ.P. 26(b)(1).

What's more, even assuming there was only one—or even no owner defendants— named in the instant action, plaintiffs would still be entitled to the subject discovery. First, the information requested is necessary to enable plaintiffs to obtain a full picture of the extent and nature of the interrelationship between the government defendants and the owners and developers of housing who received funds from the CRA/LA and/or the City. *See Vallabharpurapu v. Burger King Corp.,* 276 F.R.D. 611, 615 (N.D.Cal.2011) ("discovery is not limited to issues raised by the pleadings, for discovery itself is designed

to help define and clarify the issues.") (internal quotation marks omitted).

Second, information concerning the government defendants' practices at properties other than the ones named in the SAC, is relevant to plaintiffs' allegations that the government defendants have engaged in a "pattern or practice" of discrimination in failing to make multifamily housing units and common areas in the government defendants' entire housing portfolio meaningfully accessible to people with disabilities, in violation of Section 504, the ADA and Section 11135. (*See* SAC at ¶ 2). In cases where, as here, the plaintiffs have alleged a pattern or practice of discrimination, courts routinely order discovery of information and documents relating to all properties, loans, accounts, policies, practices, procedures, etc., that are owned, operated, managed and/or maintained by defendants, without restriction to a single property, loan, account, policy or procedure. *See, e.g., Buchanan v. Consol. Stores Corp.,* 206 F.R.D. 123, 125 (D.Md.2002) (company-wide information relevant in case alleging defendant had policy or pattern of declining checks based on race); *King v. E.F. Hutton & Co.,* 117 F.R.D. 2, 9 n. 12 (D.D.C.1987) (evidence of "churning" of other customers' accounts relevant to show more than one scheme sufficient to establish "pattern" required for civil RICO claim); *Goff v. Kroger Co.,* 121 F.R.D. 61, 61–62 (S.D.Ohio 1988) (employment discrimination plaintiff entitled to discover information regarding employer's subsidiary and affiliated companies because information relevant to showing "pattern and practice of discrimination by defendant"); *Hubbard v. Rubbermaid, Inc.,* 78 F.R.D. 631, 639 (D.Md.1978) (company-wide discovery appropriate in case alleging employment discrimination in one division: "non-departmental data may well lead to relevant evidence tending to show discrimination within the department in question"); *Janis v. Nelson,* 2009 WL 5216898, *4 (D.S.D.2009) (plaintiffs removed from voter list after felony conviction entitled to discovery as to state's general practice). For example, in *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1560 (11th Cir.1985), plaintiff Panola Land Buyers Association ("Panola"), a nonprofit housing development corporation, sought a loan from a program administered by the

U.S. Secretary of Agriculture. *Id.* at 1552–53. After Panola's loan application was denied, it filed suit, alleging racial discrimination in the denial of its application. *Id.* at 1554. During the summary judgment briefing process, the trial court limited discovery to such an extent that Panola's ability to show a genuine issue of material fact had been prejudiced. *Id.* at 1558. In reversing the trial court's limitation of discovery, the Eleventh Circuit stated that the plaintiff's case:

> involv[ed] the allegation that a federal agency has discriminated on the basis of race in processing loan applications of citizens of a state. It is evident ... that since Panola claims that [the federal agency] has been substantially derelict in its implementation of the objectives of the National Housing Act inside the state of Alabama, interrogatories and other discovery requests relevant to showing a pattern or practice of [the federal agency] as to the entire state is properly within the scope of discovery.

*Id.* at 1559–60. Here, too, it is evident that since plaintiffs claim that CRA/LA and the City have been substantially derelict in monitoring compliance with accessibility requirements, (*see* SAC at ¶ 174), and "exercis[ing] oversight over developers and owners of housing" who receive federal funds, (*id.* at ¶ 181), the discovery plaintiffs seek is relevant to showing a pattern or practice of discrimination by the CRA/LA and the City as to their entire housing inventory.

Irrespective of whether there are 61, 1, or no owner defendants named in the SAC, plaintiffs' "pattern and practice" allegations mean that plaintiffs are entitled to discovery for the entire housing portfolio of the CRA/LA and the City. Information concerning all the properties in the government defendants' housing portfolio will indicate whether the government defendants apply uniform or similar practices and policies throughout all the properties, which is relevant to plaintiffs' allegation that defendants have engaged in a "pattern or practice" of discrimination. *See United States v. Youritan Constr. Co.,* 370 F.Supp. 643, 649 (N.D.Cal.1973), *aff'd in relevant part,* 509 F.2d 623 (9th Cir.1975) (court held that sta-

tistical evidence of the underrepresentation of blacks at all eleven of a defendant's apartment buildings was not only admissible in proving plaintiff's claim that defendants had engaged in a pattern or practice of discrimination in the rental of housing, but indeed "constitutes, at least a prima facie case of racial discrimination."); *Diaz v. American Tel. & Tel.*, 752 F.2d 1356, 1363–64 (9th Cir.1985) (statistical data showing racial or ethnic imbalance are relevant to prima facie case of discrimination and to show discriminatory intent); *Goff*, 121 F.R.D. at 61–62 (S.D.Ohio 1988) (statistical information relevant in Title VII case to establish "pattern or practice"); *Guruwaya v. Montgomery Ward, Inc.*, 119 F.R.D. 36, 39 (N.D.Cal.1988) (in Title VII employment discrimination case, regional statistics of the employer were discoverable even though discrimination alleged at only one of the employer's locations); *King*, 117 F.R.D. at 9 n. 12 (evidence of "churning" of other customers' accounts relevant to show more than one scheme sufficient to establish "pattern" required for civil RICO claim). In short, plaintiffs' discovery requests regarding the inventory of housing built or rehabilitated with assistance of the government defendants are relevant to their claims or, at a minimum, reasonably calculated to lead to the discovery of admissible evidence.

Finally, to the extent the government defendants object to the discovery requests on overbreadth and burdensomeness grounds, (*see* City's Opp. at 16–17), the objections are overruled. Other than stating, for example, that "[r]equiring the City to . . . respond to . . . discovery requests based upon two hundred [and] twenty-seven (227) properties that appear on the CRA Roster, rather than sixty-one (61) projects Plaintiffs named in the [SAC,] would be extremely burdensome for the City[,]" (*see, e.g.,* City's Opp. at 16), the government defendants did not submit any

declarations under penalty of perjury offering evidence establishing the nature of the burden, and it does not appear that any declarations were submitted with the discovery responses. *See Roesberg v. Johns Manville Corp.*, 85 F.R.D. 292, 296–97 (E.D.Pa. 1980). By not establishing the basis for their burdensomeness objection at the time the government defendants asserted their objection, plaintiffs were denied the opportunity to challenge defendants' objection. Similarly, even assuming it was proper for the government defendants to attempt to establish burden in the context of this Motion, the government defendants' assertions (*see* City's Opp. at 16–17), are conclusory and lack substantiation. In short, the government defendants' generalized objections of burdensomeness are insufficient.[5] *See Kansas–Nebraska Natural Gas Co. v. Marathon Oil Co.*, 109 F.R.D. 12, 24 (D.Neb.1985) (party objecting to production requests must specify why the requests are objectionable); *Roesberg*, 85 F.R.D. at 296–97.

### *CONCLUSION*

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Motion to Judge Olguin Concerning the Scope of Discovery, Pursuant to Referral By Magistrate Judge Walsh (**Document No. 299**) is **granted.**

2. The scope of discovery in this action shall extend to the entire housing portfolio, including projects not yet completed, of the CRA/LA and the City.

3. Any further discovery objections or disputes, such as those relating to third-party privacy rights, shall be presented to Judge Walsh for his consideration.[6]

---

5. Even if the government defendants could make a showing of burdensomeness, the "fact that production of documents would be burdensome and expensive and would hamper the party's business operations may not be a reason for refusing to order production of relevant documents[.]" *7 Moore's Federal Practice,* ¶ 34.14[3], at 34–86 (3d ed. 2013); *see also Kozlowski v. Sears Roebuck & Co.,* 73 F.R.D. 73, 76 (D.Mass. 1976).

6. This Order disposes of the government defendants' objections based on scope, relevance, overbreadth and burdensomeness. Also, legitimate privacy concerns the government defendants may have in the requested documents can be addressed through a protective order which adequately shields the requested documents from disclosure except to those with a legitimate need to know.